IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 05-cr-00374-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER GARDUNO,

    Defendant.
_____

**ORDER REGARDING DEFENDANT'S MOTION TO REDUCE SENTENCE**
_____

This matter comes before the Court on the Unopposed 18 U.S.C. § 3582(c)(2) Motion to Reduce Sentence, Joint Position Statement Regarding Eligibility and Relief, and Request for Consideration on November 1, 2011 [Docket No. 1360]. The United States does not oppose the motion. The motion is made pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to reduce the term of imprisonment for a defendant whose sentencing range has subsequently been lowered by the United States Sentencing Commission. On June 30, 2011, the Commission voted to give retroactive effect to its proposed permanent amendment to the sentencing guidelines that implements the Fair Sentencing Act of 2010. The effect of these amendments is to lower the sentencing range for defendants convicted of crack cocaine offenses.

The Court makes the following findings and conclusions:

1. At the original sentencing hearing in this case on July 28, 2006, the Court found that the base offense level based on the Drug Quantity Table was 38, the total

offense level was 39, and the defendant's criminal history category was I, resulting in a guideline sentencing range of 262 months to 327 months.  The Court departed downward by 50% due to the defendant's substantial assistance pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) and sentenced the defendant to 131 months imprisonment.

     2.  On May 1, 2008, pursuant to the Commission's earlier amendment to the guidelines, the Commission lowered the base offense level for crack cocaine offenses.  On July 10, 2008, the Court resentenced the defendant after determining that the defendant's amended total offense level was 37, which resulted in a guideline imprisonment range of 210 to 262 months.  After applying the same 50% downward departure as it did for the original sentencing hearing, the Court sentenced the defendant to 105 months imprisonment.

     3.  The Probation Department has prepared an Addendum to the presentence investigation report dated November 1, 2011, wherein the Probation Department determines that, based on 1.5 kilograms of cocaine base, the defendant's base offense level is reduced to 34 and his total offense level is reduced to 35.  Docket No. 1373.  With a criminal history category of I, the defendant's amended guideline sentencing range is 168 to 210 months imprisonment.  *Id*.  The defendant's motion contains the same calculation.  Docket No. 1360 at 4.

     4.  Neither the defendant nor the United States has asked for a resentencing hearing.

     5.  Section 3582(c) of Title 18 states that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Both the government and the defendant agree that the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

6. Consistent with 18 U.S.C. § 3582(c)(2), the Court is to consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (a) whether a reduction in the defendant's term of imprisonment is warranted; and (b) the extent of such a reduction, but only within the limits described in subsection § 1B1.10(b). In addition, the Court is to consider (1) public safety (the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment) and (2) post-sentencing conduct (the conduct of the defendant that occurred after imposition of the original term of imprisonment).

7. Mr. Garduno requests that, after applying the same 50% reduction to his sentence as the Court previously applied, his sentence be lowered to 84 months imprisonment.

8. After considering the factors set forth in 18 U.S.C. § 3553(a), the factors set forth in Paragraph 6 above, and the November 1, 2011 addendum to the presentence investigation report, the Court determines that it is appropriate to reduce the defendant's sentence by 50% pursuant to § 5K1.1 and 18 U.S.C. § 3553(e) and to sentence him at the bottom of the guideline range, i.e. 84 months.

Wherefore, it is ORDERED as follows:

(a)  The Unopposed 18 U.S.C. § 3582(c)(2) Motion to Reduce Sentence, Joint Position Statement Regarding Eligibility and Relief, and Request for Consideration on November 1, 2011 [Docket No. 1360] is granted.  The defendant's sentence is modified from 105 months imprisonment to 84 months imprisonment;

(b)  Should the defendant not have a stable residence upon his release from custody, the defendant shall reside in a Residential Reentry Center for a period of up to 120 days as directed by his probation officer, and defendant shall observe the rules of that facility; and

(c)  All other terms and conditions originally imposed remain in effect to the extent they are not inconsistent with this order.  The Probation Department may also add such terms and conditions of supervised release as are appropriate.

DATED November 8, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge